**REITER, Petitioner, v. ALVIS, as Warden et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 5630.   Decided February 5, 1957.

Herbert Reiter, Columbus, per se.

William Saxbe, Atty. Genl., John W. Shoemaker, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus wherein the petitioner; Herbert Reiter, is seeking his release from the Ohio Penitentiary upon a writ of habeas corpus.

The record reveals that the petitioner is being held in said prison upon a certain mittimus from the Common Pleas Court of Seneca County, consisting of (1) a copy of the indictment; and (2) a copy of the judgment and sentence to the Ohio Penitentiary. These were filed in compliance with §2949.12 R. C., and constitute the authority for the prisoner's detention by the respondent warden. The one and only ground upon which the prisoner relies is that no signed entry was issued to the Clerk ordering that the sentence pronounced in court be journal-

ized. The judgment has, however, been journalized and when this act is completed it constituted the judgment of the court. It is a perpetual memorial of the court's action and furnishes external uncontestable evidence thereof. See 23 O. Jur. 657, Sec. 217. Such a judgment is not open to a collateral attack when the record discloses that the court had jurisdiction of the parties and the subject of the action and it appears that the petitioner has not been denied any of the rights and privileges guaranteed to him under our State or Federal Constitutions. See State, ex rel. v. LeBlond, 108 Oh St 126, syllabus, paragraph 4. In the case of Ex parte Joseph Van Hagen, 25 Oh St 426, paragraph 2 of the syllabus provides:

"Habeas corpus is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction; if errors or irregularities have occurred in the proceedings or sentence, a writ of error is the proper remedy."

Even if the plaintiff were correct in his contentions and the judgment was improperly entered, which we do not concede, the only remedy available to him would be by motion to correct the sentence. It would be merely voidable and not void. Habeas corpus may not be used as a substitute for error proceedings. It is said in 20 O. Jur., p. 445:

"If a court has jurisdiction and proceeds in an erroneous manner, the remedy is not habeas corpus but proceedings in error. Hence, if errors or irregularities occur in the sentence of a court of competent jurisdiction, habeas corpus cannot be used to review or revise it. An error proceeding affords ample remedy for the correction of irregularities and errors which result in conviction and sentence, * * *."

We also find in 39 Corpus Juris Secundum, p. 477 the following:

"Habeas corpus is a collateral attack on the judgment, sentence, or order, and may not be used as an appeal or writ of error to correct, modify, or revise the same. As a general rule the writ will not be granted where the trial court had jurisdiction of the offense and of the person of defendant, and power to render the particular judgment, sentence, or order."

The petitioner cites the case of Dean v. Alvis, No. 5590 by this Court and unreported, in which a writ was allowed and the prisoner was remanded to the sheriff of Franklin County for further proceedings according to law. This case was presented to the Court while it was in session, upon representation that no sentence had been pronounced. The facts and the entry were agreed upon by counsel. The Court did not have opportunity to analyze the facts and prepared no opinion. However, in the cited case the prisoner was not ordered discharged. We, therefore, decline to follow this case as a precedent.

It is our conclusion that the petitioner has pursued the wrong remedy to correct the alleged errors, if any, in the proceedings and the writ will be denied.

HORNBECK and WISEMAN, JJ, concur.